*Law Office of*
*Donald D. duBoulay, Esq.*
*401 Broadway, Suite 2507*
*New York, New York 10013*

*(212) 966-3970*                                                            Fax *(212) 941-7108*


September 10, 2007

The Honorable Henry B. Pittman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: United States v. Ilya Kaufman
    07 Cr. 568 (HBP)

Dear Magistrate Judge Pittman:

    On August 1, 2007, Ilya Kaufman, the defendant herein appeared before the Court and entered a plea of guilty to a one Count information charging him with misdemeanor possession of cocaine. He is currently scheduled to appear for sentencing before this Court on September 11, 2007 at 9:00 a.m. This letter is submitted to aid this Court in the determination of the appropriate sentence consistent with the statutory directives set forth in 18 U.S.C. 3553 (a). It is the hope of Mr. Kaufman that after considering this submission and all the other information available, that pursuant to 18 U.S.C. 3607, your Honor place him on probation for a term of not more than one year without entering a judgment of conviction that will permit your honor to dismiss the proceedings against him and discharge him from probation should he earn such a disposition.

    <u>**Background**</u>

    Like many before him, Ilya Kaufman, his Mother and his grandparents emigrated from Russia to the United States, in search of a better life. Mr. Kaufman was seventeen years old at the time and a high school graduate. He was soon employed in a series of low paying jobs including that of a taxi Driver. He eventually entered Globe Institute of Technology in September 1997, where he studied Computer Science and its business applications.

    For the next several years Mr. Kaufman alternated between school and work. He was employed by H.T.D.P. Technology, Inc between 1999 and

2002 where he was contracted out as a consultant for computer projects for J.P.Morgan, Merrill Lynch, Cendant, Inc and Bell Atlantic.

Sometime in late 2001, Mr. Kaufman began using powder cocaine. He purchased half grams and grams from his source; midway through 2002 he developed an addiction to cocaine. In order to cover the cost's of his drug usage, Kaufman eventually began to work for the source by delivering small quantities of cocaine to customers, at his behest. He worked primarily on weekends. Kaufman worked as a messenger in this business for approximately two months. When he tired of this lifestyle and seeking to rid himself of the addiction, he enlisted in the Marine Corps reserves sometime around November 2002. After a series of physical and mental capability tests, he qualified for admission. Mr. Kaufman has an eight year service contract with the Marine corp. reserves. His contract expires in 2010.

In December 2002, Mr. Kaufman reported to Paris Island, South Carolina for basic training. He left his former life behind.

In June 2004, Kaufman's unit was activated; he was deployed to Iraq (Falluja) in July 2004. He served in Iraq for seven months, returning stateside in March 2005. In Falluja, Kaufman engaged in active combat as attested by the combat citations attached. His unit provided security for military convoys, took an active part in searching houses for weapons, and provided security tasks related to the preparation for the first elections in Iraqi history in Falluja.

In June 2005, Mr. Kaufman was honorably discharged from active duty (see enclosed). He remains a reservist however subject to recall until 2010. Mr. Kaufman is currently on the Temporary not Physically Qualified status as he suffered a torn ACL, and had surgery to repair it in May 2006. Because of that injury he has already missed one 'rotation', a call back to active status. He is currently awaiting medical clearance and depending upon the results of an upcoming medical evaluation, may be reactivated shortly thereafter or medically yet honorably discharged.

Mr. Kaufman was married in June 2004; he has a one year old son and a stepson that is ten years old. He resides with his wife in Brooklyn. Mr. Kaufman is employed by Net @ Work, Inc a computer consulting company where he advises and prepares software products for business needs. Mr. Kaufman also attends Global Institute of Technology where he expects to graduate in early 2008. Enclosed are two letters of commendation from Global Institute attesting to his excellent academic achievements since his return to school from active duty. Also included with this letter are copies of certificates evidencing completion of military courses and attainment of proficiency in several combat areas. Please note also that Mr. Kaufman's certificate of release includes notations listing the various ribbons and medals he received for his service in Iraq.

   Mr. Kaufman has come along way from the person he was in 2002. He is married with two children and has a wife to support, he has a career and a job, and he has served his country honorably and willingly, and expects to do so again in the very near future. His involvement in the drug business was of short duration as he was addicted to cocaine at the time. Mr. Kaufman was arrested for the offense charged on December 12, 2006, four years after the commission of the crime charged.

   Mr. Kaufman understands and appreciates the gravity of his actions in this case. He is hopeful of having this conviction expunged, fearful that anything else would jeopardize his status in the Marine Corps. reserve as well as affect his ability to maintain employment in a field where background checks would inhibit his ability to continue work as a consultant.  It is hoped that he will be given a second chance to continue to turn his life around without the severe consequences of a criminal conviction. Such an opportunity would serve the best interest of justice and would not be wasted.

   "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. We do not understand it to have been the congressional purpose to withdraw all sentencing discretion from the United States District Judge". <u>United States v. Koon</u> 518 U.S.81,116 S.CT. 2035,2053 (1996). The traditional task of imposing a just and fair sentence based upon an independent view integrating all philosophical, statutory guidelines and individual particulars of the case at hand remains the job of the nisi prius judge <u>United States v. Blarek</u> 7 F. Supp. 2d 192,207 (1998).

   Section 18 U.S.C. 3607 provides that when a defendant has been found guilty of possession of a controlled substance, with a few exceptions not relevant here, who:

   (a)(1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and (2) has not previously been the subject of a disposition under this subsection;
   the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. If the person violates a

condition of his probation, the court shall proceed in accordance with the provisions of section 3565. 18 U.S.C. 3607 (1)(a).

### Conclusion

For the reasons stated above, it is respectfully requested that this Court considering the sentencing factors in 18 U.S.C. 3553(a), place Mr. Kaufman on probation for a term of one year or less, with a view to discharging him from probation and dismissing the proceedings if Mr. Kaufman abides by the terms to be set by the Court.

Respectfully submitted,

Donald D. duBoulay

cc:  Wilson Leung (via ECF)
     Ilya Kaufman